No. 12774

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

MARGARET BROWN, Gallatin County Superintendent of Schools,
EARL BEST, Gallatin County Surveyor, CARL STUCKY, Gallatin
County Clerk and Recorder, IRIS WHITTLE, Gallatin County
Treasurer, WILLIAM JOHNSON, Gallatin County Auditor, PAUL
REESE, Clerk of the District Court of Gallatin County, and
L.D.W. ANDERSON, Gallatin County Sheriff,

Plaintiffs and Respondents,

-vs-

THE BOARD OF COUNTY COMMISSIONERS OF GALLATIN COUNTY, MONTANA,

Defendants and Appellants.

---

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas Allen Budewitz, Assistant Attorney General,
argued, Helena, Montana

For Respondents:

Thomas A. Olson, County Attorney, Bozeman, Montana
Ronald K. Olson, Deputy County Attorney, argued,
Bozeman, Montana

---

Submitted: November 19, 1974

Decided: DEC 12 1974

Filed: DEC 12 1974

_Thomas J. Kearney_
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment for plaintiffs entered by the district court, Gallatin County, Hon. W. W. Lessley presiding. Plaintiffs are elected county officers. They brought a declaratory judgment action seeking a determination of their salaries under the provisions of section 25-605 and 25-609.1, R.C.M. 1947, for the fiscal year July 1, 1973 through June 30, 1974. The trial court's judgment read:

> "That 'taxable valuation' to be used in computing the plaintiffs' salaries is a valuation for the new fiscal year 1973-1974, and the defendants have a clear legal duty to compute the taxable valuation for the fiscal year 1973-1974 and pay salaries to the plaintiffs based thereon. The 'taxable valuation' should be computed on or before July 1 of each fiscal year using the new figures available to the defendants."

Defendant raises two issues on appeal:

(1) Whether there is a clear legal duty to compute taxable valuation of a county on or before July 1 of each fiscal year.

(2) Whether the taxable valuation of a county which is completed after July 1 may be used to compute salaries of county officers for the following fiscal year.

Appellant is the Board of County Commissioners of Gallatin County. Its position is that it cannot be compelled to compute the taxable valuation of a county prior to July 1, because it has until the second Monday in July to assess the taxable property under section 84-406, R.C.M. 1947, and the second Monday in August to affix the mill levy under section 84-3805, R.C.M. 1947. In other words, appellant **argues** that the only valuation existing as of July 1 to apply the salary formula to is that of the previous year.

On the other hand, respondent county officers maintain that the two sections, 84-406 and 84-3805, are not controlling since the only importance of section 84-406 is that it sets the second Monday in July as the deadline for reporting to the state department of revenue and section 84-3805 only concerns the time for fixing rates. Respondents urge that the 1972 Constitution omitted

the former prohibition against changing a county official's salary during his term of office, and section 25-609.1 imposes a clear legal duty to compute the new taxable valuation of a county prior to July 1. This, respondents contend, would allow salaries to be current with respect to demands of the office and would avoid a lack of uniformity and even influence by the commissioners as to whether to increase or decrease salaries. We agree with respondents' position.

Traditionally, county officials have been paid according to a salary formula based on the taxable valuation and population of the county computed just prior to their election. Under the Montana Constitution of 1889 a county official could not receive a pay increase during the term of his office. The net result was that some county officers were paid more, or on a different pay scale than others, since they were elected at a different time and there were, consequently, different tax valuations.

The 1972 Montana Constitution removed this restriction and the 1973 legislature upgraded the county salaries by amending section 25-609.1, R.C.M. 1947, and setting the salaries at the beginning of each fiscal year. This change imposes a clear legal duty to compute the taxable valuation prior to July 1, the first day of the fiscal year, and the effective date of the legislative amendment.

The time for assessment and computing taxable valuation set out in section 84-406, R.C.M. 1947, is at any time between the first Monday in March and the second Monday in July. The second Monday in July is only important by virtue of the required reporting of this valuation to the State Department of Revenue. In addition, the findings of fact of the district court in this matter indicate that it would be possible for this valuation to be acted upon by defendant Board of County Commissioners on or before July 1, without waiting until that last possible moment before the second Monday in July.

Under the 1889 Montana Constitution, the legislature followed a clear policy of insulating an officer's compensation from any

- 3 -

alteration, for political or other reasons, during his term of office. Art. V, Sec. 31, 1889 Montana Constitution; Section 25-609, R.C.M. 1947; Shubat v. State of Montana, 157 Mont. 143, 484 P.2d 278. Thus, a public officer was denied a pay raise during his term of office. Montana has since abandoned such an arbitrary approach. The legislature and the electorate have removed certain restrictions to allow salaries of officers to be responsive to changes in the amount of work required of their offices.

The legislature has chosen a salary formula based on population and taxable valuation of the county. These yardsticks are fair measures of the amount of work required of these officers. But to use the taxable valuation of the previous year as appellant argues, whether it be larger or smaller, would defeat the whole purpose of the constitutional and legislative changes; it would be impossible for salaries to achieve a current and responsive level. Every public officer would receive his pay raise or decrease one year later. By choosing July 1, the legislature has attempted to make all such changes consistent with the start of the county fiscal year.

Appellant's argument would further allow for the very abuses this Court sought to quell in Shubat v. State of Montana, 157 Mont. 143, 150, 484 P.2d 278. There this Court said, citing from Jackson v. Porter, 57 Mont. 343, 188 P. 375:

"* * * the sole purpose of the constitutional
limitations is to remove from the sphere of temp-
tation every public officer whose office is created
by the Constitution and whose official conduct in
the remotest degree might be influenced by the hope
of reward or the fear of punishment."

To allow, as appellant urges, the taxable valuation to be determined either before or after the date of fixing these salaries would open up the possibility of exerting influence by increase or decrease of salary. Certainly the constitutional restriction against change has been lifted, but undue influence in branches of state and local government is never to be tolerated.

- 4 -

Appellant in its brief, citing 35 Attorney General's Opinions, No. 33, states that if the taxable valuation is not completed until after July 1 of the fiscal year, then the statutory schedule in effect on the first day of the fiscal year must be used. That opinion was issued just prior to the filing of the instant suit and is deserving of our consideration; however, we feel it is in error on two points.

First, the salary schedule discussed in section 25-605, R.C.M. 1947, is not the amount of the salary paid, but the formula for its determination. This formula or schedule is only open to legislative changes and is not affected by when the taxable valuation of the county is fixed. The attorney general's opinion infers the schedule itself is subject to change, which we feel is clearly erroneous.

Second, that same opinion infers that valuation is not due until the second Monday in August under section 84-3805, R.C.M. 1947. However, this section is setting out the time for fixing the rate of taxation, not the taxable valuation, which is set out as on or before the second Monday in July. Section 84-406, R.C.M. 1947.

The judgment of the district court is affirmed.

_Wesley Castles_

Justice

We Concur:

Chief Justice

_John Conway Harrison_

_John B. Daly_

_Frank J. Haswell_

Justices.

- 5 -